IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE



| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NEXTMEDIA GROUP, INC., *et al.*,[1] | § | Case No. 09-14463 (PJW) |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |
| | § | **Re: Docket No. 52** |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN ALVAREZ & MARSAL SECURITIES, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE

Upon the Application (the "Application") of NextMedia Group, Inc. and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors") for an Order Authorizing the Retention of Alvarez & Marsal Securities, LLC ("A&M") as Financial Advisor to the Debtors Pursuant to Sections 327 and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, Effective as of the Petition Date; and upon the Declaration of George Varughese, Managing Director of A&M, in support of the Application (the "Varughese Affidavit"); and the Court having jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334(b) and the Application presenting a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing from the Application and the Varughese Declaration that the relief requested in the Application is in the best interests of the Debtors' estates and creditors; and it appearing that sufficient notice of the Application has been given and that no other or further notice is required; and the Court being satisfied, based on the Application and the Varughese Declaration, that A&M neither holds nor represents any interest adverse to the

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of their taxpayer identification numbers, are: NextMedia Group, Inc. ("NM Group") (0791), NextMedia Investors LLC ("NM Investors") (9403), NextMedia Operating, Inc. ("NM OpCo") (5397), NM Licensing LLC (5396), NextMedia Outdoor, Inc. (5398), NM Texas, Inc. (4229), NextMedia Northern Colorado, Inc. (8422), NextMedia Franchising, Inc. (9913) and NextMedia Outdoor, LLC (9700). The Debtors' corporate headquarters are located at 6312 S. Fiddler's Green Circle, #205E, Greenwood Village, Colorado 80111.

Debtors' estates, other than as may have been disclosed in the Varughese Declaration and that A&M is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code; and the Court being satisfied that the compensation sought by A&M (as described in the Engagement Letter) and the indemnification provisions provided for in the Engagement Letter are reasonable; and after due deliberation and good cause appearing therefor,[2] it is HEREBY ORDERED that:

1. The Application is granted.

2. The Debtors are authorized to retain A&M on the terms set forth in the Engagement Letter in accordance with sections 327 and 328(a) of the Bankruptcy Code.

3. A&M will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided, however,* that A&M shall be compensated and reimbursed pursuant to Section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, and subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and any other applicable orders of this Court; provided, further, that A&M's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

4. Notwithstanding anything to the contrary in this Order, the U.S. Trustee and any statutory Committee appointed (the "Committee") shall retain the right and be entitled to object to the fees of A&M based on the reasonableness standard under Bankruptcy Code sections 330

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

and 331. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee or the Committee to challenge the reasonableness of A&M's compensation under Bankruptcy Code sections 330 and 331. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee or the Committee, on appeal or otherwise, with respect to the reasonableness of A&M's compensation.

5. Notwithstanding anything to the contrary herein, Local Bankruptcy Rule 2016-2 shall be deemed waived to the extent necessary to allow A&M to submit billing records in a summary format which set forth only a general description of the services rendered by A&M as modified by paragraph 35 of the Application.

6. The indemnification provisions contained in the Engagement Letter are approved as modified by paragraph 8 below.

7. To the extent this Order is inconsistent with either the Application or the Engagement Letter, the terms of this Order shall govern.

8. The indemnification provisions in paragraph 11 of the Engagement Letter shall be modified, during the pendency of these Chapter 11 cases as follows:

> A&M shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;
>
> The Debtors shall have no obligation to indemnify A&M, or provide contribution or reimbursement to A&M, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from A&M's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of A&M contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial

3

determination as to A&M's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which A&M should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, A&M must file an application therefor in this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify A&M. All parties in interest shall retain the right to object to any demand by A&M for indemnification, contribution or reimbursement.

Any limitation on any amounts to be contributed by the parties to the Engagement Letter under the terms of the Engagement Letter shall be eliminated for services rendered during the period in which the above captioned case is pending.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

10. The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

4

Error! Unknown document property name.

11. Notwithstanding the language in Paragraph 12 of the Engagement Letter, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order, including, but not limited to, adjudication of any dispute arising with respect to the Engagement Letter.

Dated: Jan. 22, 2010
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

Error! Unknown document property name.