

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NEXTMEDIA GROUP, INC., *et al.*,[1] | § | Case No. 09-14463 (PJW) |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |
| | § | **Re: Docket No. 151** |

## ORDER (I) FIXING DEADLINES AND ESTABLISHING PROCEDURES FOR FILING PROOFS OF CLAIM AND REQUESTS FOR PAYMENT AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[2] of NextMedia Group, Inc., *et al.*, the other above-captioned debtors and debtors in possession (the "Debtors"), for an order pursuant to section 501 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), fixing deadlines and establishing the Bar Dates, approving claims procedures related to the Bar Dates and approving the form and manner of notice of the Bar Dates; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion having been given as set forth in the Motion; and it appearing that no further notice of the Motion need be

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of their taxpayer identification numbers, are: NextMedia Group, Inc. ("NM Group") (0791), NextMedia Investors LLC ("NM Investors") (9403), NextMedia Operating, Inc. ("NM OpCo") (5397), NM Licensing LLC ("NM Licensing") (5396), NextMedia Outdoor, Inc. ("NM Outdoor") (5398), NM Texas, Inc. ("NM Texas") (4229), NextMedia Northern Colorado, Inc. ("NM Colorado") (8422), NextMedia Franchising, Inc. ("NM Franchising") (9913) and NextMedia Outdoor, LLC ("Outdoor LLC") (9700). The Debtors' corporate headquarters are located at 6312 S. Fiddler's Green Circle, #205E, Greenwood Village, Colorado 80111.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion. In addition, as used herein, (i) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, (ii) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and (iii) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

given; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and good and sufficient cause appearing therefore; it is hereby

ORDERED, DECREED AND ADJUDGED THAT:

1. The Motion is granted.

2. The forms of the Bar Date Notice, the Publication Notice and the Proof of Claim Form, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved pursuant to Bankruptcy Rules 2002(a)(7), 2002(l), and 2002(p). The form and manner of notice of the Bar Dates approved herein fulfill the notice requirements of the Bankruptcy Rules and the Local Rules. Accordingly, the Debtors are authorized to serve the Bar Date Notice Package in the manner described herein.

3. Within seven (7) days after the date that the Court enters this Order, the Debtors, through BMC Group, Inc. ("BMC"), shall serve the Bar Date Notice Package by first class United States mail, postage prepaid, on all known entities holding potential prepetition claims and their counsel (if known), all parties that have requested notice in these cases, all equity security holders, all indenture trustees, the Office of the United States Trustee and all taxing authorities for the jurisdictions in which the Debtors do business.

4. Except as provided herein, any entity holding a prepetition claim against a Debtor must file a proof of claim in accordance with the procedures described herein by the General Bar Date. The General Bar Date shall be fixed as 5:00 p.m., prevailing Eastern Time, on March 29, 2010. The General Bar Date shall be identified in the Bar Date Notice and the Publication Notice. Except as provided herein, the General Bar Date applies to all entities holding claims, including 503(b)(9) Claims, against the Debtors (whether secured, unsecured priority or

unsecured nonpriority).

5. The following entities whose claims otherwise would be subject to the General Bar Date shall not be required to file proofs of claim in these chapter 11 cases:

> (a) any entity that already has properly filed a proof of claim against one or more of the Debtors in accordance with the procedures described herein;
>
> (b) any entity (i) whose claim against a Debtor is not listed as disputed, contingent and unliquidated in the Schedules and (ii) that agrees with the nature, classification and amount of its claim as identified in the Schedules;
>
> (c) any entity whose claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court;
>
> (d) any Debtor that holds a claim against one or more of the other Debtors;
>
> (e) any of the non-debtor subsidiaries of any Debtor having a claim against any of the Debtors;
>
> (f) any holder of a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration, except for holders of 503(b)(9) Claims; and
>
> (g) any holder of a claim solely against any of the Debtors' non-debtor affiliates.

6. Neither the Second Lien Agent nor the Second Lien Lenders shall be required to file proofs of claim evidencing the Second Lien Obligations or the Second Lien Adequate Protection Obligations in the Debtors' chapter 11 cases or any successor cases (as each such term is defined under the Final DIP Order).

7. The Second Lien Agent is permitted in its discretion to file one consolidated proof of claim on behalf of all Second Lien Lenders against all Debtors obligated under the Second Lien Credit Agreement (as defined under the Final DIP Order) in the lead case of the Debtors' procedurally consolidated cases. If the Second Lien Agent elects to file such a proof of claim, the Second Lien Agent's filing of one consolidated proof of claim shall be deemed a valid proof of claim against each Debtor obligated under the Second Lien Credit Agreement, and the Agent shall not be required to file a proof of claim in the separate case of each Debtor obligated under the Second Lien Credit Agreement. If the Second Lien Agent elects to file a proof of claim, it shall not be required to file with its proof of claim any instruments, agreements, and/or other documents evidencing the debt, security interests, and liens of the Second Lien Lenders or Second Lien Agent, or the perfection of such liens or security interests.

8. The Government Bar Date shall be fixed as June 21, 2010 at 5:00 p.m., prevailing Eastern Time.

9. Any entity holding a Rejection Damages Claim arising from the rejection of an executory contract or unexpired lease pursuant to an order entered by this Court shall be required to file a proof of claim in respect of such Rejection Damages Claim in accordance with the procedures described herein by the Rejection Bar Date. The Rejection Bar Date shall be the later of (i) the General Bar Date and (ii) thirty (30) days after the date of the applicable Rejection Order.

10. In the event a Debtor amends its Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against such Debtor, the affected claimant shall have until the later of (i) the General Bar Date and (ii) thirty (30) days after the date that notice of the applicable amendment to the Schedules, if any, is served on the claimant, to file a proof of claim or to amend any previously filed proof of claim in respect of the amended scheduled claim (the "<u>Amended Schedule Bar Date</u>").[3] To the extent that the Debtors amend their Schedules relating to the claim of any creditor, and in accordance with Local Rule 1009-2, the Debtors shall serve notice of both the amendment and the Amended Schedule Bar Date on such affected creditor.

11. Subject to the provisions of this Order with respect to holders of claims subject to the Government Bar Date, the Rejection Bar Date and the Amended Schedule Bar Date, the following entities must file a proof of claim on or before the General Bar Date:

(a) any entity whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent or unliquidated and that desires to participate in any of these Cases or share in any distribution in any of these Cases;

(b) any entity that believes it holds a prepetition claim that is a 503(b)(9) Claim; and

(c) any entity that believes that its prepetition claim is improperly classified in the Schedules, listed in an incorrect amount or listed against the wrong Debtor, and that desires to have its claim

---

[3] The imposition of the Amended Schedule Bar Date is consistent with Local Rule 1009-2, which provides a creditor with twenty-one (21) days to file a proof of claim after the date that notice of the applicable amendment is served on such creditor.

allowed in a classification or amount other than that identified in the Schedules.

12. Any entity asserting claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted.

13. Any Interest Holder holding an Interest need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception contained in this Order applies.

14. Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in these Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against a Debtor, but that fails to do so properly by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (i) asserting any claim against the Debtors that the entity has that (a) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (b) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim being referred to herein as an "Unscheduled Claim"); or (ii) voting upon, or receiving distributions under, any plan or plans of reorganization or liquidation in these Cases in respect of an Unscheduled Claim.

15. The Debtors shall serve on all known entities holding potential prepetition claims: (i) the Bar Date Notice, substantially in the form attached hereto as Exhibit 1; and (b) a Proof of

Claim Form, substantially in the form attached hereto as <u>Exhibit 2</u>. The Debtors shall state on each Proof of Claim Form, along with the entity's name: (i) whether the entity's claim is listed in the Schedules and, if so, (ii) the Debtor against which the entity's claim is scheduled; (iii) whether the claim is listed as disputed, contingent or unliquidated; and (iv) whether the entity's claim is listed as secured, unsecured or priority. If a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the Debtors also shall identify on the Proof of Claim Form the dollar amount of the claim as listed in the Schedules. Any entity that relies on the information in the Schedules shall bear responsibility for determining that its claim is accurately listed therein.

16. For any proof of claim to be validly and properly filed, a signed original of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), must be delivered to BMC at the address identified on the Bar Date Notice so as to be received no later than 5:00 p.m., prevailing Eastern Time, on the applicable Bar Date. Proofs of claim may be submitted in person or by courier service, hand delivery or mail. <u>Proofs of claim submitted by facsimile or e-mail shall be deemed not properly filed</u>. Proofs of claim shall be deemed filed when actually received by BMC. If a creditor wishes to receive acknowledgement of BMC's receipt of a proof of claim, the creditor also must submit to BMC by the applicable Bar Date and concurrently with submitting its original proof of claim (i) a copy of the original proof of claim and (ii) a self-addressed, stamped return envelope.

17. The Debtors shall cause the Publication Notice to be published, substantially in the form attached to the Motion as <u>Exhibit B</u>, once in the *The Wall Street Journal* and such other local newspapers, trade journals or similar publications as the Debtors deem appropriate, not less than twenty-one (21) days prior to the General Bar Date.

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February 17, 2010
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE