secretary of the appropriate Debtor shall be authorized to certify or attest to any of the foregoing actions.

### 6.8 *Cancellation of Agreements.*

As of the Effective Date, except to the extent otherwise provided herein, the First Lien Credit Agreement and the Second Lien Credit Agreement shall be deemed cancelled, and the obligations of the Debtors thereunder shall be deemed satisfied in full and discharged; *provided, however*, that the First Lien Credit Agreement and the Second Lien Credit Agreement shall continue in effect solely to the extent necessary to allow the Agents and the Prepetition Lenders to receive distributions from the Debtors under the Plan.

### 6.9 *Dissolution of Statutory Committees and Cessation of Fee and Expense Payments.*

Any Committee appointed in the Debtors' Chapter 11 Cases shall be dissolved on the Effective Date. The Reorganized Debtors shall not be responsible for paying any fees or expenses incurred by any Committee after the Effective Date. After the Effective Date, the Debtors shall not be responsible for paying any fees or expenses of the advisors to (i) the Second Lien Lead Investors, (ii) the Agents or (iii) the Prepetition Lenders, except as may otherwise be provided in any then-applicable and effective agreements.

## ARTICLE VII

## DISTRIBUTIONS

### 7.1 *Date of Distributions.*

Unless otherwise provided herein, any distributions and deliveries to be made under the Plan shall be made on the Effective Date or as soon as practicable thereafter. In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act shall be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

### 7.2 *Sources of Cash for Plan Distributions.*

Except as otherwise provided herein or in the Confirmation Order, all Cash required for the payments to be made hereunder shall be obtained from the Debtors' and the Reorganized Debtors' operations and Cash on hand, the proceeds of the Exit Financing and the Equity Investment; *provided, however,* that nothing herein shall be deemed to limit or prohibit the Reorganized Debtors from entering into one or more post-Effective Date credit facilities, subject to the terms and conditions of the Exit Financing (including any limitations therein on the incurrence of additional debt and liens), to fund additional payments or liquidity requirements of the Reorganized Debtors.

### 7.3 *Disbursing Agent.*

All distributions under the Plan shall be made by the Disbursing Agent. The Disbursing Agent shall not be required to give any bond, surety or other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court.

### 7.4 *Rights and Powers of Disbursing Agent.*

The Disbursing Agent shall be empowered to (a) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under the Plan, (b) make all distributions contemplated hereby, (c) employ professionals to represent it with respect to its responsibilities and (d) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to the Plan or as deemed by the Disbursing Agent to be necessary and proper to implement the provisions hereof.

### 7.5 *Record Date for Distributions.*

At the close of business on the Distribution Record Date, the transfer ledgers or registers for the Debtors' existing Equity Interests and all indebtedness under the First Lien Credit Agreement and the Second Lien Credit Agreement shall be closed, and there shall be no further changes in the record holders of such Equity Interests and indebtedness. The Reorganized Debtors and the Disbursing Agent shall have no obligation to recognize any transfer of any of the foregoing occurring after the Distribution Record Date, and shall be entitled instead to recognize for all purposes hereunder, including to effect distributions hereunder, only those record holders stated on the transfer ledgers or registers maintained by the Debtors and the Agents as of the close of business on the Distribution Record Date.

### 7.6 *Recipients of Distributions.*

All distributions to holders of Allowed Claims and Allowed Equity Interests under the Plan (except to holders of First Lien Claims and the Second Lien Claims) shall be made to the holder of the Claim or Equity Interest as of the Distribution Record Date. Changes as to the holder of a Claim or Equity Interest after the Distribution Record Date shall only be valid and recognized for distribution if notice of such change is filed with the Bankruptcy Court, in accordance with Bankruptcy Rule 3001 (if applicable) and served upon the Debtors and their counsel.

Distributions on account of Allowed First Lien Claims and Allowed Second Lien Claims shall initially be made to the respective Agents, who shall then be responsible for making the appropriate distributions to the respective Prepetition Lenders in accordance with the Agents' respective books and records, pursuant to the terms of the First Lien Credit Agreement and Second Lien Credit Agreement, as applicable. In connection therewith, the Agents shall neither have nor assume any liability for making distributions to the Prepetition Lenders greater than that provided for in the First Lien Credit Agreement or the Second Lien Credit Agreement, as applicable. The Disbursing Agent shall not have or incur any liability for making any distributions to any individual Prepetition Lender.

### 7.7 *Delivery of Distributions.*

Subject to Bankruptcy Rule 9010, all distributions under the Plan shall be made at the address of each holder of an Allowed Claim or Allowed Equity Interest as set forth in the books and records of the Debtors, unless the applicable Debtor has been notified in writing of a change of address, including, without limitation, by the filing of a proof of claim or interest by such holder that contains an address for such holder different from the address on file with the Debtors for such holder. If any distribution to the holder of an Allowed Claim or Allowed Equity Interest is returned as undeliverable, no distribution to such holder shall be made unless and until the Reorganized Debtors are notified of such holder's then-current address, at which time all missed distributions shall be made to such holder without interest; *provided, however*, that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of one hundred eighty (180) days after the Effective Date. After such date, all unclaimed property or interest in property shall revert to the Reorganized Debtors, and the Claim or Equity Interest of any holder with respect to such property or interest in property shall be discharged and forever barred, notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary.

### 7.8 *Means of Payment.*

All distributions made pursuant to the Plan shall be in Cash unless stated otherwise.

### 7.9 *Fractional Shares.*

No fractional shares of New NextMedia Common Stock shall be distributed and no Cash shall be distributed in lieu of such fractional shares. When any distribution pursuant to the Plan on account of an Allowed Claim or Allowed Equity Interest would otherwise result in the issuance of a number of shares of New NextMedia Common Stock that is not a whole number, the actual distribution of shares of New NextMedia Common Stock shall be rounded as follows: (a) fractions of one-half (½) or greater shall be rounded to the next higher whole number and (b) fractions of less than one-half (½) shall be rounded to the next lower whole number with no further payment therefor. The total number of authorized shares of New NextMedia Common Stock to be distributed hereunder shall be adjusted as necessary to account for the foregoing rounding.

### 7.10 *Setoffs and Recoupment.*

The Debtors may, but shall not be required to, setoff against or recoup from any Claim any claims of any nature whatsoever that any of the Debtors may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by any of the Debtors or the Reorganized Debtors of any such claim they may have against such claimant.

DAL:753541.13

### 7.11 *Distributions After Effective Date.*

Distributions made after the Effective Date to holders of Disputed Claims that are not Allowed Claims as of the Effective Date but which later become Allowed Claims shall be deemed to have been made on the Effective Date.

### 7.12 *Withholding and Reporting Requirements.*

In connection with the Plan and all instruments issued in connection therewith and distributed thereunder, any party issuing any instrument or making any such distribution under the Plan shall comply with all applicable withholding and reporting requirements imposed by any federal, state or local taxing authority, and all distributions under the Plan shall be subject to any such withholding or reporting requirements. Notwithstanding the above, each holder of an Allowed Claim or Allowed Equity Interest that is entitled to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any applicable tax obligations, including income, withholding and other tax obligations, on account of such distribution. Any party issuing any instrument or making any distribution under the Plan to any holder of any Allowed Claim or Allowed Equity Interest has the right, but not the obligation, to not issue such instrument or make a distribution until such holder has made arrangements satisfactory to such issuing or disbursing party for payment of any such tax obligations.

### 7.13 *No Postpetition Interest.*

Unless otherwise specifically provided for herein or in the Confirmation Order, or required by applicable bankruptcy law, postpetition interest shall not accrue or be paid on any Claims, and no holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.

### 7.14 *Time Bar to Payments.*

Checks issued by the Disbursing Agent in respect of Allowed Claims shall be null and void if not negotiated within six (6) months after the date of issuance thereof. Requests for reissuance of any check shall be made directly to the Disbursing Agent by the holder of the Allowed Claim with respect to whom such check was originally issued. Any Claim in respect of such voided check shall be made on or before the first anniversary of the Effective Date. After such date, all Claims in respect of void checks shall be discharged and forever barred.

## ARTICLE VIII

## PROCEDURES FOR RESOLVING AND TREATING DISPUTED CLAIMS

### 8.1 *Objections to Claims.*

Except insofar as a Claim is Allowed under the Plan or pursuant to Final Order of the Bankruptcy Court, the Debtors, the Reorganized Debtors or any other party in interest shall be entitled to object to Claims. Any objections to Claims shall be served and filed (i) on or before the ninetieth (90th) day following the later of (x) the Effective Date and (y) the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or

23

DAL:753541.13

on behalf of a holder of such Claim, or (ii) such later date as ordered by the Bankruptcy Court. Any Claim as to which an objection is timely filed shall be a Disputed Claim.

**8.2** *No Distributions Pending Allowance.*

If the Debtors object to any Claim, no payment or distribution provided under the Plan shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

**8.3** *Distributions After Allowance.*

To the extent that a Disputed Claim or Disputed Equity Interest ultimately becomes an Allowed Claim or Allowed Equity Interest, respectively, distributions (if any) shall be made to the holder of such Allowed Claim or Allowed Equity Interest, respectively, in accordance with the provisions of the Plan. As soon as reasonably practicable after the date that the order or judgment of the Bankruptcy Court allowing any Disputed Claim or Disputed Equity Interest becomes a Final Order, the Disbursing Agent shall provide to the holder of such Claim the distribution (if any) to which such holder is entitled under the Plan as of the Effective Date, without any interest to be paid on account of such Claim unless required under applicable bankruptcy law.

**8.4** *Disallowance of Late Filed Claims and Equity Interests.*

Unless otherwise provided in a Final Order of the Bankruptcy Court, any Claim or Equity Interest for which a proof of claim or interest, as applicable, is filed after the applicable Bar Date shall be deemed disallowed. The holder of a Claim or Equity Interest that is disallowed pursuant to this section 8.4 shall not receive any distribution on account of such Claim or Equity Interest, as applicable, and neither the Debtors, the Reorganized Debtors nor the Distribution Agent shall need to take any affirmative action for such Claim or Equity Interest to be deemed disallowed.

## ARTICLE IX

## TREATMENT OF EXECUTORY
## CONTRACTS AND UNEXPIRED LEASES

**9.1** *Assumption of Contracts and Leases.*

Except as otherwise provided herein, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, each Debtor shall be deemed to have assumed each executory contract and unexpired lease to which it is a party, unless such contract or lease (i) was previously assumed, assumed and assigned or rejected by the Debtors, (ii) previously expired or terminated pursuant to its own terms, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date, or (iv) is set forth in schedule 9.1 hereto, as an executory contract or unexpired lease to be rejected; *provided, however*, that the Existing Employment Agreements shall neither be assumed nor rejected, and shall be treated as set forth in section 6.3(c) hereof. The Confirmation Order shall constitute an order of the Bankruptcy

24

DAL:753541.13

Court under sections 365 and 1123(b) of the Bankruptcy Code approving the contract and lease assumptions or rejections described above, as of the Effective Date.

Each executory contract and unexpired lease that is assumed and relates to the use, ability to acquire, or occupancy of real property shall include (a) all modifications, amendments, supplements, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affect such executory contract or unexpired lease and (b) all executory contracts or unexpired leases appurtenant to the premises, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, powers, uses, usufructs, reciprocal easement agreements, vaults, tunnel or bridge agreements or franchises, and any other interests in real estate or rights *in rem* related to such premises, unless any of the foregoing agreements has been rejected pursuant to an order of the Bankruptcy Court.

### 9.2 *Inclusiveness.*

Unless otherwise specified, each executory contract and unexpired lease shall include any and all modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such executory contract or unexpired lease, without regard to whether such agreement, instrument or other document is listed on such schedule.

### 9.3 *Payments Related to Assumption of Contracts and Leases.*

Any monetary amounts by which any executory contract and unexpired lease to be assumed hereunder are in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by the Debtors upon assumption thereof. If there is a dispute regarding the nature or amount of any Cure, then Cure shall occur following the entry of a Final Order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be.

### 9.4 *Rejected Contracts and Leases.*

Except as otherwise provided herein or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, none of the executory contracts and unexpired leases to which the Debtors are a party shall be rejected hereunder; *provided, however,* that the Debtors reserve the right, at any time prior to the Confirmation Date, to seek to reject any executory contract or unexpired lease to which any Debtor is party.

### 9.5 *Claims Based on Rejection of Executory Contracts or Unexpired Leases.*

All Claims arising out of the rejection of executory contracts and unexpired leases (if any) must be served upon the applicable Debtor and its counsel within thirty (30) days after the earlier of (i) the date of entry of an order of the Bankruptcy Court approving such rejection or (ii) the Effective Date; *provided, however,* that any such Claim arising out of the rejection of an executory contract or unexpired lease that is filed after the Effective Date shall be served on the

Reorganized Debtors. Any Claims not filed within such time shall be forever barred from assertion against the Debtors, their Estates and their property.

**9.6** *Compensation and Benefit Plans.*

Except and to the extent previously assumed by an order of the Bankruptcy Court, on or before the Confirmation Date, all employee compensation and employee benefit plans of the Debtors, including employee benefit plans and programs subject to sections 1114 and 1129(a)(13) of the Bankruptcy Code (if any), but excluding the Existing Employment Agreements, entered into before or after the Petition Date and not since terminated, shall be deemed to be, and shall be treated as if they were, executory contracts that are to be assumed under the Plan. The Debtors' obligations under such plans and programs shall survive confirmation of the Plan, except for (i) executory contracts or benefit plans specifically rejected pursuant to the Plan (to the extent such rejection does not violate sections 1114 and 1129(a)(13) of the Bankruptcy Code) and (ii) such executory contracts or employee benefit plans as have previously been rejected, are the subject of a motion to reject as of the Confirmation Date, or have been specifically waived by the beneficiaries of any employee benefit plan or contract.

**9.7** *Insurance Policies.*

Notwithstanding anything contained in the Plan to the contrary, unless specifically rejected by order of the Bankruptcy Court, all of the Debtors' insurance policies and any agreements, documents or instruments relating thereto, shall be continued. Nothing contained in this section shall constitute or be deemed a waiver of any cause of action that the Debtors may hold against any entity, including, without limitation, the insurer, under any of the Debtors' insurance policies.

## ARTICLE X

## CONDITIONS PRECEDENT TO CONFIRMATION AND EFFECTIVENESS OF THE PLAN

**10.1** *Conditions to Confirmation of Plan.*

Confirmation of the Plan shall not occur, and the Confirmation Order shall not be entered, until each of the following conditions precedent have been satisfied or waived:

(a) The Restructuring Agreement shall be in full force and effect and shall not have been terminated;

(b) An order, in a form and substance reasonably satisfactory to the Debtors and the Second Lien Lead Investors, finding that the Disclosure Statement contains adequate information pursuant to section 1125 of the Bankruptcy Code shall have been entered;

(c) The Plan Supplement shall have been filed with the Bankruptcy Court at least five (5) Business Days prior to the Voting Deadline; and

(d) The Confirmation Order shall be in a form and substance reasonably satisfactory to the Debtors and the Second Lien Lead Investors.

**10.2** *Conditions to Effective Date of Plan.*

The Effective Date of the Plan shall not occur until each of the following conditions precedent have been satisfied or waived:

(a) <u>Confirmation Order</u>. The clerk of the Bankruptcy Court shall have entered the Confirmation Order in the Chapter 11 Cases and there shall not be a stay or injunction (or similar prohibition) in effect with respect thereto. The Confirmation Order in the Chapter 11 Cases shall be in form and substance reasonably satisfactory to the Debtors and to the Second Lien Lead Investors;

(b) <u>Execution and Delivery of Other Documents</u>. All other actions and all agreements, instruments or other documents necessary to implement the terms and provisions of the Plan shall have been executed and delivered by the parties thereto, including, but not limited to, the Exit Financing documents, the Management Incentive Plan documents, the New Shareholders Agreement, the Registration Rights Agreement, and the documents relating to the Equity Investment and, in each case, all conditions to their effectiveness shall have been satisfied or waived as provided therein; and

(c) <u>FCC Approval</u>. The Debtors shall have obtained FCC Approval of the transactions contemplated by the Plan.

**10.3** *Waiver of Conditions Precedent.*

Any of the foregoing conditions (with the exception of the conditions set forth in sections 10.1(b), 10.2(a) and 10.2(c)) may be waived by the Debtors in accordance with the terms and conditions set forth in the Restructuring Agreement, in each case without notice to or order of the Bankruptcy Court. The failure to satisfy or waive any condition may be asserted by the Debtors regardless of the circumstances giving rise to the failure of such condition to be satisfied (including any action or inaction by the Debtors). The failure of the Debtors to exercise any of the foregoing rights shall not be deemed a waiver of any other rights and each such right will be deemed an on-going right that may be asserted at any time.

**10.4** *Effect of Failure of Conditions.*

If the foregoing conditions have not been satisfied or waived in the manner provided in section 10.2 hereof, then (i) the Confirmation Order shall be of no further force or effect; (ii) no distributions under the Plan shall be made; (iii) the Debtors and all holders of Claims against and Equity Interests in the Debtors shall be restored to the *status quo ante* as of the day immediately preceding the Confirmation Date as though the Confirmation Date had never occurred; (iv) all of the Debtors' obligations with respect to the Claims and Equity Interests shall remain unaffected by the Plan; (v) nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtors or any other Person or to prejudice in any manner the rights of the Debtors or any Person in any further proceedings involving the Debtors; and (vi) the Plan shall be deemed withdrawn. Upon such occurrence, the

Debtors shall file a written notification with the Bankruptcy Court and serve it upon counsel to the Second Lien Lead Investors, counsel to the Agents, counsel to any Committee and the Office of the United States Trustee.

**10.5  *Reservation of Rights.***

The Plan shall have no force or effect unless and until the Effective Date occurs. Prior to the Effective Date, none of the filing of the Plan, any statement or provision contained in the Plan, or action taken by the Debtors with respect to the Plan shall be, or shall be deemed to be, an admission or waiver of any rights of any Debtors or any other party with respect to any Claims or Equity Interests or any other matter.

**10.6  *Substantial Consummation.***

Substantial consummation of the Plan under section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date.

## ARTICLE XI

## EFFECT OF CONSUMMATION

**11.1  *Revesting of Assets.***

Upon the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of the Debtors' Estates shall vest in the Reorganized Debtors as set forth herein, free and clear of all Claims, Liens, encumbrances, charges and other interests, except as otherwise provided herein.

**11.2  *Discharge of the Debtors.***

Except as otherwise expressly provided herein, upon the Effective Date, and in consideration of the distributions to be made hereunder, each holder (as well as any trustees or agents on behalf of each holder) of a Claim or Equity Interest and any affiliate of such holder shall be deemed to have forever waived, released and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Equity Interests, rights and liabilities that arose prior to the Effective Date, regardless of whether or not (i) a proof of Claim or Equity Interest has been filed, (ii) such Claim or Equity Interest was Allowed, or (iii) the holder of such Claim or Equity Interest has voted to accept or reject the Plan.  Upon the Effective Date, all such Persons shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated Equity Interest in the Reorganized Debtors.

**11.3  *Exculpation.***

The Debtors, the Disbursing Agent, the DIP Lenders, the Second Lien Lead Investors, the Agents, the Prepetition Lenders, and each of their respective present or former members, managers, officers, directors, employees, equity holders, partners, affiliates, funds, advisors, attorneys, or agents, or any of their successors or assigns, shall not have or incur any

liability to any holder of a Claim or an Equity Interest, or any other party-in-interest, or any of their respective agents, employees, equity holders, partners, members, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the administration of the Chapter 11 Cases, the negotiation and pursuit of approval of the Disclosure Statement, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the funding of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, and shall be deemed to have acted in good faith in connection therewith and entitled to the protections of section 1125(e) of the Bankruptcy Code. Notwithstanding anything to the contrary contained herein, this section 11.3 shall not exculpate any party from any liability based upon gross negligence or willful misconduct.

**11.4** *Releases by the Debtors.*

On the Effective Date, effective as of the Confirmation Date, the Debtors shall release and be permanently enjoined from any prosecution or attempted prosecution of any and all claims, obligations, suits, judgments, damages, rights, remedies, causes of action and liabilities of any nature, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or non-contingent, existing or hereafter arising, in law, equity or otherwise, including any claims or causes of action under Chapter 5 of the Bankruptcy Code or other applicable law, which they have or may have against any of their respective members, managers, officers or directors, the DIP Lenders, the Second Lien Lead Investors, the Agents or the Prepetition Lenders, and each of their respective members, officers, directors, agents, financial advisors, attorneys, employees, equity holders, partners, affiliates, funds, and representatives and their respective property.

**11.5** *Third Party Release.*

*Upon the Effective Date, except as otherwise provided herein and except for the right to enforce the Plan, all Persons who have voted to accept the Plan or who are entitled, directly or indirectly, to receive a distribution hereunder, shall be deemed to forever release, waive and discharge the Debtors, the Reorganized Debtors, any Committee appointed in the Chapter 11 Cases, the DIP Lenders, the Second Lien Lead Investors, the Agents, the Prepetition Lenders, the members of the Debtors' respective boards of directors and boards of managers, and each of their respective constituents, principals, officers, directors, employees, agents, representatives, attorneys, professionals, advisors, affiliates, funds, successors, predecessors, and assigns of and from any and all Liens, claims, obligations, suits, judgments, damages, rights, remedies, causes of action, liabilities, encumbrances, security interests, Equity Interests or charges of any nature or description whatsoever relating to the Debtors, the Chapter 11 Cases or affecting property of the Debtors' Estates, whether known or unknown, discovered or undiscovered, scheduled or unscheduled, contingent, fixed, unliquidated or disputed, matured or unmatured, contingent or noncontingent, senior or subordinated, whether assertable directly or derivatively by, through, or related to the Debtors, against successors or assigns of the Debtors and the individuals and entities listed above, whether at law, in equity or otherwise, based upon any condition, event, act, omission, occurrence, transaction or other activity, inactivity, instrument or other agreement of any kind or nature occurring, arising or existing prior to the Effective Date in any way arising out of,*

*relating to or connected with the operation of the Debtors' businesses or the Chapter 11 Cases, all regardless of whether (a) a proof of Claim or Equity Interest has been filed or is deemed to have been filed, (b) such Claim or Equity Interest is Allowed or (c) the holder of such Claim or Equity Interest has voted to accept or reject the Plan, except for willful misconduct or gross negligence; provided, however, that nothing in this section shall be deemed to be, or act as a bar or injunction with respect to, the FCC's enforcement of its regulatory authority under applicable FCC rules and regulations.*

**11.6** *Injunction and Stay.*

(a) *Except as otherwise expressly provided herein, all Persons or entities who have held, hold, or may hold Claims against or Equity Interests in any Debtor are permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Equity Interest against any Reorganized Debtor or other entity released, discharged or exculpated hereunder, (ii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any Reorganized Debtor with respect to any such Claim or Equity Interest, (iii) creating, perfecting or enforcing any encumbrance of any kind against any Reorganized Debtor, or against the property or interests in property of any Reorganized Debtor, as applicable with respect to any such Claim or Equity Interest, (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any Reorganized Debtor, or against the property or interests in property of any Reorganized Debtor with respect to any such Claim or Equity Interest, and (v) pursuing any Claim released pursuant to section 11.5 hereof.*

(b) Unless otherwise provided, all injunctions or stays arising under or entered during the Debtors' Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

**11.7** *Indemnification Obligations.*

Notwithstanding anything to the contrary herein, subject to the occurrence of the Effective Date, the obligations of the Debtors as provided in the Debtors' respective certificates of formation, certificates of incorporation, bylaws, limited liability company agreements or other organizational documents, applicable law or other applicable agreement as of the Petition Date to indemnify, defend, reimburse, exculpate, advance fees and expenses to, or limit the liability of members, managers, directors, or officers who were members, managers, directors or officers of the Debtors at any time prior to the Effective Date, respectively, against any claims or causes of action whether direct or derivative, liquidated or unliquidated, fixed or contingent, disputed or undisputed, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, shall survive confirmation of the Plan, remain unaffected thereby after the Effective Date and not be discharged, irrespective of whether such indemnification, defense, advancement, reimbursement, exculpation, or limitation is owed in connection with an event occurring before or after the Petition Date. Any Claim based on the Debtors' obligations herein shall not be a Disputed Claim or subject to any objection in either case by reason of section 502(e)(1)(B) of the Bankruptcy Code.

**11.8** *Preservation of Claims.*

Except as otherwise provided herein, including sections 11.4, 11.5 and 11.6 hereof, as of the Effective Date, pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, any action, cause of action, liability, obligation, right, suit, debt, sum of money, damage, judgment, Claim, and demand whatsoever, whether known or unknown, in law, equity, or otherwise (collectively, "Causes of Action") accruing to the Debtors shall become assets of the Reorganized Debtors, and the Reorganized Debtors shall have the authority to commence and prosecute such Causes of Action for the benefit of the Debtors or the Estates. After the Effective Date, the Reorganized Debtors shall have the authority to compromise and settle, otherwise resolve, discontinue, abandon, or dismiss all such Causes of Action without approval of the Bankruptcy Court.

**11.9** *Compromise of Controversies.*

In consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Plan, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromise and settlement under Bankruptcy Rule 9019.

## ARTICLE XII

## RETENTION OF JURISDICTION

The Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, or related to, the Debtors' Chapter 11 Cases and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(a) To hear and determine pending applications for the assumption, assignment or rejection of executory contracts or unexpired leases and the allowance of Claims resulting therefrom;

(b) To determine any and all adversary proceedings, applications, and contested matters in the Chapter 11 Cases and grant or deny any application involving the Debtors that may be pending on the Effective Date or that are retained and preserved by the Reorganized Debtors under sections 6.6 and 11.8 hereof;

(c) To ensure that distributions to holders of Allowed Claims are effected as provided in the Plan;

(d) To hear and determine any timely objections to Administrative Expense Claims or to proofs of claim and equity interests, including any objections to the classification of any Claim or Equity Interest, and to allow or disallow any Disputed Claim or Disputed Equity Interest, in whole or in part;

(e) To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(f) To take any action and issue such orders as may be necessary to construe, enforce, implement execute and consummate the Plan or maintain the integrity of the Plan following consummation;

(g) To consider any amendments to or modifications of the Plan, or to cure any defect or omission, or to reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

(h) To hear and determine all requests for payment of Fee Claims;

(i) To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan, the Confirmation Order, the documents that are ancillary to and aid in effectuating the Plan, any transactions or payments contemplated by the Restructuring Agreement including the Plan or any agreement, instrument, or other document governing or relating to any of the foregoing; *provided, however*, that any dispute arising under or in connection with any document included in the Plan Supplement shall be determined in accordance with the governing law set forth in such document;

(j) To hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code (including the expedited determination of taxes under section 505(b) of the Bankruptcy Code);

(k) To hear any other matter not inconsistent with the Bankruptcy Code;

(l) To hear and determine all disputes involving the existence, scope, and nature of the discharges granted under section 11.2 hereof;

(m) To hear and determine all disputes involving or in any manner implicating the exculpation provisions granted under section 11.3 hereof;

(n) To issue injunctions and effect any other actions that may be necessary or desirable to restrain interference by any entity with the consummation or implementation of the Plan; and

(o) To enter a final decree(s) closing the Chapter 11 Cases.

DAL:753541.13

# ARTICLE XIII

## MISCELLANEOUS

### 13.1  *Payment of Statutory Fees.*

All fees payable under section 1930, chapter 123, title 28, United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on the Effective Date.

### 13.2  *Filing of Additional Documents.*

The Debtors or the Reorganized Debtors, as applicable, may file such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, including the filing of the Plan Supplement.

### 13.3  *Schedules and Exhibits Incorporated.*

All exhibits and schedules to the Plan and the Plan Supplement are incorporated into and are a part of the Plan as if fully set forth herein.

### 13.4  *Intercompany Claims.*

Notwithstanding anything to the contrary herein, on or after the Effective Date, any debts held by a Debtor against another Debtor will be adjusted (including by contribution, distribution in exchange for new debt or equity, or otherwise), paid, continued, or discharged to the extent reasonably determined appropriate by the Debtors taking into account the economic condition of the applicable Reorganized Debtor.

### 13.5  *Amendment or Modification of the Plan.*

Subject to section 1127 of the Bankruptcy Code and, to the extent applicable, sections 1122, 1123, and 1125 of the Bankruptcy Code, and subject further to the terms and conditions of the Restructuring Agreement, alterations, amendments or modifications of the Plan may be proposed in writing by the Debtors at any time prior to or after the Confirmation Date. Holders of Claims that have accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, or modified; *provided, however,* that any such alteration, amendment, or modification shall comply with the terms and conditions of the Restructuring Agreement; and *provided, further, however,* that any holders of Claims who were deemed to accept the Plan because such Claims were unimpaired shall continue to be deemed to accept the Plan only if, after giving effect to such amendment or modification, such Claims continue to be unimpaired.

### 13.6  *Inconsistency.*

In the event of any inconsistency among the Plan, the Plan Supplement, the Disclosure Statement, any exhibit or schedule to the Disclosure Statement, the provisions of the Plan shall govern. In the event of any inconsistency between the Plan and the Confirmation Order, the Confirmation Order shall govern. Notwithstanding anything in the Plan to the

contrary, the rights of all parties under the Restructuring Agreement are expressly preserved and nothing herein shall modify, or shall be deemed to have modified, the Restructuring Agreement in any respect.

### 13.7 *Exemption from Certain Transfer Taxes.*

Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax. All sale transactions consummated by the Debtors and approved by the Bankruptcy Court on and after the Petition Date through and including the Effective Date, including the transfers effectuated under the Plan, the sale by the Debtors of owned property pursuant to section 363(b) of the Bankruptcy Code, and the assumption, assignment, and sale by the Debtors of unexpired leases of non-residential real property pursuant to section 365(a) of the Bankruptcy Code, shall be deemed to have been made under, in furtherance of, or in connection with the Plan, and thus, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

### 13.8 *Expedited Tax Determination.*

The Reorganized Debtors may request an expedited determination of taxes under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Debtors for any and all taxable periods ending after the Petition Date through, and including, the Effective Date.

### 13.9 *Ordinary Course.*

From and after the Confirmation Date, and subject to any FCC approval that may be required, the Debtors are authorized to and may enter into all transactions including, but not limited to, the retention of professionals, and pay and fees and expenses incurred thereby and in connection therewith, in the ordinary course of business, without the need for Bankruptcy Court approval. Moreover, from and after the Confirmation Date, the Debtors and the Reorganized Debtors are authorized to, and may enter into, all transactions necessary or appropriate to implement the Exit Financing, including, but not limited to, the payment of any fees, expenses or indemnification obligations incurred thereby and in connection therewith, which shall be entitled to administrative priority and which shall be binding on the Debtors or the Reorganized Debtors without the need for Bankruptcy Court approval.

### 13.10 *Binding Effect.*

Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtors

and such holder's respective successors and assigns, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

### 13.11 *Severability.*

If the Bankruptcy Court determines that any provision of this Plan is unenforceable either on its face or as applied to any Claim or Equity Interest, the Debtors may modify this Plan in accordance with section 13.5 hereof so that such provision shall not be applicable to the holder of any Claim or Equity Interest. Any such determination of unenforceability shall not (i) limit or affect the enforceability and operative effect of any other provisions of this Plan; or (ii) require the resolicitation of any acceptance or rejection of this Plan unless otherwise ordered by the Bankruptcy Court.

### 13.12 *No Admissions.*

If the Effective Date does not occur, the Plan shall be null and void in all respects, and nothing contained in the Plan shall (a) constitute a waiver or release of any claims by or against, or any interests in, any Debtor, (b) prejudice in any manner the rights of any Debtor or any other party in interest, or (c) constitute an admission of any sort by any Debtor or other party in interest.

### 13.13 *No Payment of Attorneys' Fees.*

Except for the fees of Professional Persons and the professionals of the Agents, the Second Lien Lead Investors and the Prepetition Lenders (as required pursuant to the terms of the Restructuring Agreement and/or applicable Bankruptcy Court orders), no attorneys' fees shall be paid by the Debtors with respect to any Claim or Equity Interest unless otherwise specified herein, the Confirmation Order or other Final Order of the Bankruptcy Court.

### 13.14 *Notices.*

All notices, requests, and demands to or upon the Debtors to be effective shall be in writing (including by facsimile transmission) and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

> NEXTMEDIA GROUP, INC.
> 6312 South Fiddlers Green Circle, Suite 205E
> Greenwood Village, Colorado 80111
> Attention: Eric W. Neumann
> Telephone: (303) 694-4511
> Facsimile: (801) 346-9775

with a copy to:

ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Attention: Jason S. Brookner and John E. Quattrocchi
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

-- and--

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Attention: Paul N. Heath
Telephone: (302) 651-7590
Facsimile: (302) 498-7590

**13.15** *Governing Law.*

(a) Except to the extent that the Bankruptcy Code or other federal law is applicable, including but not limited to the Communications Act of 1934, as amended, and the written rules, regulations and policies promulgated by the FCC, or to the extent an exhibit to the Plan provides otherwise (in which case the governing law specified therein shall be applicable to such exhibit), the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of New York without giving effect to the principles of conflict of laws that would require application of the laws of another jurisdiction.

(b) Notwithstanding anything herein to the contrary, the Reorganized Debtors shall comply with the Communications Act of 1934, as amended, and the written rules, regulations and orders promulgated thereunder by the FCC. No transfer of control to the Reorganized Debtors of any federal license issued by the FCC shall take place prior to the issuance of FCC regulatory approval for such transfer of control pursuant to applicable FCC regulations. The FCC's rights and powers to take any action pursuant to its regulatory authority over the transfer of control to the Reorganized Debtors including, but not limited to, imposing any regulatory conditions on such transfer, are fully preserved and nothing herein shall proscribe or constrain the FCC's exercise of such power or authority to the extent provided by law.

Dated: March 18, 2010
Wilmington, Delaware

        **NEXTMEDIA INVESTORS LLC**

        By: /s/ Eric Neumann
            its: Chief Financial Officer

        **NEXTMEDIA GROUP, INC.**

        By: /s/ Eric Neumann
            its: Vice President

        **NEXTMEDIA OPERATING, INC.**

        By: /s/ Eric Neumann
            its: Vice President

        **NM LICENSING LLC**

        By: /s/ Eric Neumann
            its: Vice President

        **NEXTMEDIA OUTDOOR, INC.**

        By: /s/ Eric Neumann
            its: Vice President

        **NM TEXAS, INC.**

        By: /s/ Eric Neumann
            its: Vice President

        **NEXTMEDIA NORTHERN COLORADO, INC.**

        By: /s/ Eric Neumann
            its: Vice President

NEXTMEDIA FRANCHISING, INC.

By: /s/ Eric Neumann
    its: Vice President

NEXTMEDIA OUTDOOR, LLC

By: /s/ Steven Dinetz
    its: Manager

**ANDREWS KURTH LLP**
Jason S. Brookner
Texas State Bar No. 24033684
Monica S. Blacker
Texas State Bar No. 00796534
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

--and--

**RICHARDS, LAYTON & FINGER, P.A.**
Paul N. Heath (Bar No. 3704)
Michael J. Merchant (Bar No. 3854)
Chun I. Jang (Bar No. 4790)One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7590
Facsimile: (302) 498-7590

**ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION**

# **SCHEDULE 9.1**

None.

DAL:753541.13